The hearing in this case was continued without day, to permit the owner, Park Place Land Co., to take proceedings to endeavor to recover from the tenant the amount of rent due from, and unpaid by, the tenant. Ballard v. Park Place Land Co.,127 N.J. Eq. 192, 12 Atl. Rep. 2d 247.
On this continuation of the hearing, the additional evidence supplied is that the owner has recovered judgment against the tenant for the rent aforesaid, in the sum of $6,401 damages and $69.87 costs; that execution was issued thereon and *Page 598 
returned nulla bona by the sheriff; and that inquiry was made of the receiver by the owner, but without avail, for any information as to any assets of the tenant.
This additional evidence however is not sufficient to entitle the owner to decree against the receiver for the amount of the rent due and uncollected by the latter. While the receiver is liable for loss to the owner caused by his negligence, — UnionBank Case, 37 N.J. Eq. 420, approved on this point, Sandford
v. Clarke, *38 N.J. Eq. 265, — the owner has failed to establish any actual loss caused by the receiver's negligence.
If the receiver had not been negligent, — if he had collected these unpaid rents, the amount thereof would not have been received by the owner, but would necessarily have been paid to the city on account of the unpaid taxes and interest; this under the terms of the statute and of the order appointing the receiver. The receiver's duty was to collect and pay to the city; his breach of duty is his failure to collect and pay to the city. Has that failure caused the owner any actual damage?
If the rent had been collected and paid to the city, the amount due to the city for unpaid taxes and interest, — the amount necessary to redeem, — would have been thereby correspondingly reduced, and it would have required that much less payment by the owner or the tenant to effectuate redemption. But there is no proof that the owner would have been able to redeem at this lesser figure and was not able to redeem at the higher figure; and no proof that the owner is now able to redeem from the redeeming tenant if given credit for the uncollected rent but is unable to redeem otherwise; nor does the owner show that he has been compelled to pay the higher figure in order to redeem from the tenant.
If the owner has lost, or should lose, the right of redemption by reason of being unable to redeem at the lesser figure, then it has suffered no greater damage than it has suffered or will suffer by reason of being unable to redeem at the higher figure. The failure to credit the unpaid rents on the unpaid taxes will not have caused its loss of the right to redeem, and the receiver's neglect will therefore have caused it no actual damage. *Page 599 
The owner having failed to prove that the receiver's neglect has caused it actual damage is not entitled to decree for more than nominal damages, — which in equity is de minimis. The owner is however entitled to costs.